IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MISSOURI PARKS ASSOCIATION | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 1:07-cv-02233- RMC |
| FEDERAL ENERGY REGULATORY | ) |
| COMMISSION, et al., | ) |
| | ) |
| Defendants. | ) |

STATEMENT OF POINTS AND AUTHORITIES IN OPPOSITION
TO UNION ELECTRIC COMPANY'S MOTION TO DISMISS

### Introduction

The issue Union Electric ("UE" or "Ameren") raises in its motion to dismiss is whether FERC's Environmental Assessment (EA) and Finding of No Significant Impact (FONSI) are "final orders" within § 313(b) of the Federal Power Act. 16 U.S.C. § 825*l*(b). The issue is laid out in the leading NEPA treatise:

These statutes usually provide only for judicial review of "final orders." Difficulties arise under these statutes if a plaintiff seeks review of an agency action in a court of appeal and includes a NEPA violation claim. If the court holds that the agency action is not final and ripe for review, it may dismiss the appeal, including the NEPA challenge.

. . .

A court can avoid this result by allowing an interlocutory appeal in which the NEPA claim can be raised prior to a final agency action.

D. Mandelker, *NEPA Law and Litig*. § 4:5 (Thomson/West 2007).

FERC's administrative record here will show that the EA and FONSI are final agency actions which trigger a claim under NEPA, but fall outside the judicial review provision of § 313(b).

**Background**

On August 14, 2007, FERC issued a Notice of Availability of Final Environmental Assessment, together with a Final Environmental Assessment for the Taum Sauk project.  FERC's Finding of No Significant Impact  appears within the body of the EA.

Rather than focus on FERC's EA and FONSI, UE's statement of points and authorities (p. 3) highlights the process leading to an August 15, 2007 letter order to Ameren, purporting to authorize Ameren to proceed with reconstruction of the Taum Sauk facility.  MPA is not seeking review of the August 15 order, or of any other FERC order.[1]

**Argument**

NEPA guarantees that federal agencies follow a particular procedure.  *Ohio Forestry Association, Inc. v. Sierra Club*, 523 U.S. 726, 737 (1998).  Almost without exception the courts have said that the time to bring a claim over an agency's failure to comply with NEPA's procedural requirements is when the alleged failure takes place.  *E.g., Ohio Forestry Association, Inc. v. Sierra Club*, 523 U.S. 726, 737 (1998).  That time was when FERC issued its EA and FONSI:

> NEPA . . . simply guarantees a particular procedure, not a particular result.
> . . . Hence a person with standing who is injured by a failure to comply with the NEPA procedure may complain of that failure at the time the failure takes place, for the claim can never get riper.

*Id.*

---

[1]  After this suit was brought, on December 20, 2007, FERC issued an order granting a motion to intervene of Missouri Coalition for the Environment, Sierra Club, and American Rivers.  The December 20 order further denied a motion for rehearing and a request for stay.  The December 20 order appears to be a final order within the provisions of § 313(b).  16 U.S.C § 825*l*(b).

The rule announced by the Supreme Court in *Ohio Forestry Association* is the prevailing rule throughout the Circuits. *See, e.g., Sierra Club v. U.S. Army Corps of Engineers,* 446 F.3d 808 (8th Cir. 2006)*; Highway J Citizens Group v. Mineta,* 349 F.3d 938, 958-959 (7th Cir. 2003) (EA and FONSI are intended to be the culmination of agency's environmental assessment); *Citizens for Better Forestry v. U.S. Dept. of Agriculture* 341 F.3d 961, 976 -978 (9th Cir. 2003); *Sierra Club v. U.S. Department of Energy,* 287 F.3d 1256, 1263-64 (10th Cir. 2002); *Southwest Williamson County Community Ass'n, Inc. v. Slater,* 243 F.3d 270, 274 n. 3 (6th Cir. 2001) (issuance of EA and FONSI are final agency actions for purposes of NEPA actions brought pursuant to APA); *Jersey Heights Neighborhood Association v. Glendening,* 174 F.3d 180, 188 (4th Cir. 1999); and *Town of Rye, New York v. Skinner,* 907 F.2d 23, 24 (2nd Cir. 1990) (nothing else for agency to do in evaluating environmental impact of project). [2]

Neither FERC's EA nor FERC's FONSI is a final order within § 313(b) of the Federal Power Act.  16 U.S.C. § 825*l*(b).[3]  They are, however, final agency actions triggering a claim under NEPA.  The time to seek judicial review over FERC's failure to comply with NEPA's requirements was when the failure took place.

The posture of this case is similar to that confronted by the Supreme Court in

_____

[2]  These holdings are consistent with the Council on Environmental Quality's regulations for implementing NEPA's requirements.  See 40 C.F.R. Part 1500.  Parts 1500 through 1508 are binding on all federal agencies.  40 C.F.R. 1500.3.  These regulations make clear that issuance of an EA and FONSI signals the end of NEPA decision-making.  See 40 C.F.R §§ 1508.9 and 1508.13. The CEQ regulations are entitled to substantial deference.  *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 355 (1989).

[3]  The FERC order which appears to fall within § 313(b) is the December 20 order.

*Aberdeen & Rockfish R. Co. v. Students Challenging Regulatory Agency Procedures,* 422 U.S. 289 (1975).  There, the railroads argued that a decision of the Interstate Commerce Commission was an interim decision not subject to judicial review in the District Court.  As UE argues here, the railroads asserted that the district court had before it an issue not decided finally by the ICC in violation of principles of finality and exhaustion of administrative remedies.  The Supreme Court disagreed:

> NEPA does create a discrete procedural obligation on Government agencies to give written consideration of environmental issues in connection with certain major federal actions and a right of action in adversely affected parties to enforce that obligation. When agency or departmental consideration of environmental factors in connection with that 'federal action' is complete, notions of finality and exhaustion do not stand in the way of judicial review of the adequacy of such consideration, even though other aspects of the rate increase are not ripe for review.

*Aberdeen & Rockfish R. Co. v. Students Challenging Regulatory Agency Procedures*, 422 U.S. at 318-319.

At page 9 of its statement UE relies upon *City of Rochester v. Bond*, 603 F.2d 927 (D.C. Cir. 1979), and asserts that complainants, like MPA here, upon learning of the agency action at issue, should seek reconsideration by the agency.  In *City of Rochester*, the Court held that the complainant should have sought reconsideration by the agency because, "under general principles of review, courts will ordinarily not consider matters not raised before the agency, a circumstance likely to arise when a complainant was not a party to the agency proceeding, and probably inevitable where, as here, a complainant objects to the agency's failure to give notice."  603 F.2d at 938.

Here, the administrative record will show that MPA did participate in the administrative process by timely placing before FERC the issues it raises in this suit.

Accordingly UE's assertion (p. 9), that to allow this suit "would condone a party's willfully sitting on its rights" is misplaced.

At page 10 UE continues to argue that, pursuant to FPA § 313, MPA was required to seek rehearing of the August 15 order, setting forth the grounds upon which the application for rehearing is based.  First, as explained at p. 2, *supra*, MPA is not seeking review of an order that falls within § 313.  Second, the purpose of rehearing is to give an agency an opportunity to reach the correct result.  E.g., *Civil Aeronautics Board v. Delta Air Lines, Inc.*, 367 U.S. 316, 321 (1961) (question of administrative or judicial reconsideration recognizes the public interest in ultimately reaching the right result). The record here will show that FERC had an opportunity to reach the right result concerning the NEPA violations, but declined to do so.

Next UE relies upon (pp. 10-11) *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320 (1958) and again upon *City of Rochester v. Bond*, 603 F.2d 927 (D.C. Cir. 1979).  Both were decided long before the Supreme Court's pronouncement in *Ohio Forestry Association* that the time to bring a claim over an agency's failure to comply with NEPA's procedural requirements is when the alleged failure takes place.

Finally, UE cites several cases (p. 14), and asserts that no reported case has allowed a party to challenge successfully a FERC order premised upon an APA/NEPA violation.  First, UE points to *California Save Our Streams Council, Inc. v. Yeutter*, 887 F.2d 908 (9th Cir. 1989).  There, pursuant to § 4(e) of the Federal Power Act, FERC was required to solicit and accept conditions from the U.S. Forest Service in connection with an application to construct and operate a hydroelectric power facility.  The Forest Service issued the conditions together with a Finding of No Significant Impact.  Shortly after receiving conditions from the Forest Service, FERC issued the license.  887 F.2d at 910.  Apparently, the facts did not require the preparation of an Environmental Assessment.  Plaintiffs challenged the § 4(e) conditions of the license in the district court.  *Id.*  The Court rejected the suit, holding

that the conditions imposed by the Forest Service had "no significance outside the licensing process," and plaintiffs were objecting to the conditions only because they were included within the license.  887 F.2d at 912.  In this case, however, plaintiffs challenge only the defective Environmental Assessment and Finding of No Significant Impact.  Plaintiff's claims are exclusively for violations of the National Environmental Policy Act.  There is no challenge over any violation of the Federal Power Act.  Accordingly, this case is not one which has "no significance outside the licensing process."

 *City of Tacoma v. National Marine Fisheries Service*, 383 F. Supp.2d 89 (D. D.C. 2005) was not a NEPA case.  On its facts, the court held that a final biological opinion had no significance when separated from the licensing order.  383 F. Supp. 2d at 92.  Nor was *Southwest Center for Biological Diversity v. Federal Energy Regulatory Commission*, 967 F. Supp. 1166 (D. Ariz. 1997), a suit involving NEPA.

 None of the cases put forth by UE contradicts the Supreme Court's pronouncement in *Ohio Forestry Association* that the time to bring a claim over an agency's failure to comply with NEPA's procedural requirements is when the alleged failure takes place.

## Conclusion

MPA brings claims for violations of the National Environmental Policy Act. The claims fall outside the judicial review provisions of section 313(b) of the Federal Power Act. The motion to dismiss should be denied.


/s/ Bruce A. Morrison
Kathleen G. Henry (No. MO0001)
Bruce A. Morrison
Great Rivers Environmental Law Center
705 Olive Street, Suite 614
St. Louis, MO 63101-2208
Phone: (314) 231-4181
Fax: (314) 231-4184

Attorneys for plaintiff

Certificate of Service


I hereby certify that on February 8, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

charles.zdebski@troutmansanders.com



/s/ Bruce A. Morrison